UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| **VAIMAKIS,** | : Civil Action No.: 07-5184 (HAA) |
| Plaintiff, | : REPORT AND RECOMMENDATION |
| v. | : |
| **UNITED HEALTHCARE/OXFORD,** | : |
| Defendant. | : |

**SALAS, United States Magistrate Judge**

Before the Court is Plaintiff Stephanie Vaimakis's ("Vaimakis") motion to remand (Docket Entry No. 4). Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Harold A. Ackerman, United States District Judge, has referred the motion to the Undersigned for Report and Recommendation. For the reasons set forth below, the Undersigned recommends granting Vaimakis's motion.

## I. BACKGROUND

Vaimakis is a bariatric and advanced laparoscopic general surgeon. (Affidavit of Christine Robinson ("Robinson Aff.") filed in support of Vaimakis's Motion to Remand ¶ 8.) On March 15, 2004, Vaimakis entered into a Consultant Physician Agreement ("Agreement") that governed the rights and liabilities of the parties (including payment). (*Id*. ¶¶ 8-12.) Once the parties entered into the Agreement, Vaimakis became a participating or "in-network" provider of medical services to individuals insured under health care plans managed by Defendant United Healthcare/Oxford ("United"). (Affidavit of Vincent Conti ("Conti Aff.") filed in Support of

United's Motion to Dismiss and attached as Exhibit B to Vaimakis's Reply Br. ¶ 6.)

According to Vaimakis's Complaint, Vaimakis withdrew as a participating physician from United on April 4, 2005. (Complaint ¶ 6.) After withdrawing as an "in-network" provider, she continued to provide medical services to United subscribers as an "out-of-network" provider. (Robinson Aff. ¶ 9.) When a United patient would seek Vaimakis for medical services, she would contact United to obtain approval before performing the medical procedure as an "out-of-network" provider. (*Id*.) Having received authorization (also called pre-certification) Vaimakis would perform the medical procedure and submit the bill to United. (*Id*.)

Vaimakis's complaint alleges that for all medical procedures performed post-April 4, 2005, United did not pay her "out-of-network" billing rate (80 % of the usual, reasonable and customary billing for such medical services) and instead continued to pay her at the lower "in-network" rates. (Robinson Aff. ¶ 4, Complaint ¶¶ 7-8.) Vaimakis currently seeks payment from October 4, 2005 through June 4, 2007, for United's failure to pay her full fees. (*Id*. ¶ 11.)

United contends that Vaimakis's participation as an "in-network" provider did not cease on April 4, 2005. (United Opp. Br. at 3 n.3.) Rather, United argues that Vaimakis's status as an "in-network" provider terminated on March 15, 2007, after United received a letter dated June 5, 2006 from Vaimakis requesting said termination. (*Id.*; Cont. Aff. ¶ 18.)

On October 29, 2007, United removed Vaimakis's Complaint to federal court alleging that the vast majority of the patients that Vaimakis rendered services to and is seeking payment for, were participants in ERISA plans administered or insured by United. (Notice of Removal ¶ 5). United alleges that as part of Vaimakis's routine dealings with each patient, Vaimakis received an assignment of benefits, which gives Vaimakis the right to receive payment directly

from United. (*Id*. ¶ 6). Based on this, United argues that Vaimakis's Complaint is completely preempted by ERISA.

Subsequent to the filing of this motion, United filed a motion to dismiss Vaimakis's Complaint, or in the alternative, to stay the proceedings and send the parties to arbitration as required under the Agreement. (*See generally* United's Motion to Dismiss, Docket Entry No. 5).

## II. DISCUSSION

A civil action filed in state court may be removed to federal court if the claim is one that arises under federal law. 28 U.S.C. § 1331. "The 'well-plead complaint rule' is the basic principle marking the boundaries of federal question jurisdiction of the federal district court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-12 (1983)). It is only when the plaintiff's "well-pleaded" complaint raises issues of federal law on its face that the action properly "arises under" federal law and is subject to federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10. The defense of federal preemption generally does not appear on the face of the complaint and therefore does not authorize removal to federal court. *Metropolitan Life Ins. Co. v. General Motors Corp.*, 481 U.S. 58, 63 (1987).

The removing party must show that federal subject matter jurisdiction exists and that removal is proper. *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990). Removal statutes are strictly construed against removal, and all doubts should be resolved in favor of remand. *Entrekin v. Fisher Scientific Inc.*, 146 F.Supp.2d 594, 604 (D.N.J. 2001).

Here, Vaimakis's Complaint does not on its face present a federal question. Vaimakis's Complaint only contains state common law and statutory claims that do not reference federal

laws or issues. Therefore, under the "well-pleaded complaint rule", Vaimakis's Complaint does not confer federal jurisdiction. However, United argues that although Vaimakis does not specifically plead issues of federal law, Vaimakis's claims fall under ERISA's civil enforcement mechanism which completely preempts the claims and creates federal jurisdiction.

An exception to the well-pleaded complaint rule is the doctrine of complete preemption. *Lazorko et al. v. Pennsylvania Hospital et al.*, 237 F.3d 242, 248 (3d Cir. 2000). Complete preemption[1] states that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63-64. The complete preemption doctrine therefore transforms a state law cause of action into a federal cause of action that can be properly brought in federal court. *King v. Marriott International, Inc. et al.*, 337 F.3d 421, 425 (4th Cir. 2003) (citing *Metropolitan Life*, 481 U.S. at 63-64). Complete preemption allows removal even though no federal question appears on the face of the complaint. *Lazorko*, 237 F.3d at 248.

ERISA's civil enforcement provision falls within the doctrine of complete preemption. *Metropolitan Life*, 481 U.S. at 62; *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d

---

[1] It should be noted that the doctrine of complete preemption differs from express preemption (also known as substantive preemption). Express preemption, § 514, 29 U.S.C. § 1144, states that "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." This provision displaces any state law claims that are related to ERISA plans, but it does not confer federal jurisdiction. *Lazorko*, 237 F.3d at 248. Express preemption merely governs the law that will apply to the state law claims and is generally only raised as a defense. *Id.* Complete preemption, on the other hand, is a jurisdictional vehicle that creates a basis for removal to federal court anytime the claim falls within the ambit of § 502. *Id*.

Cir. 2001). As the Supreme Court stated in *Aetna Health Inc. v. Davila*, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life,* 481 U.S. at 65-66). Claims falling under § 502(a) are in reality based on federal law. *Id*. at 208. Therefore, any causes of action that come within the scope of § 502(a) are removable to federal court. *Id*. at 209.

For a claim to be completely preempted under § 502(a) and subject to removal, the Third Circuit requires two elements: (1) the plaintiff could have brought the claim under § 502(a); and (2) "no other legal duty supports [the] claim." *Pascack Valley Hospital, Inc. v. Local 464A UCFW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). Both requirements must be met in order for the claim to be completely preempted. *Engle v. Milton Hershey School*, No. 06-0109, 2007 WL 1365916, at * 4 (M.D.Pa. Jan. 19, 2007).

The Court now evaluates each of the two prongs comprising the *Pascack Valley* test.

**A.     Availability of a Claim under § 502(a)**

By its terms, only a participant or beneficiary of an ERISA plan may bring suit to recover benefits due under an ERISA plan. 29 U.S.C. § 1132. Vaimakis is neither a participant nor beneficiary of an ERISA plan and therefore does not have standing to bring suit under ERISA in her own right. *Paskack Valley*, 388 F.3d at 400. However, the fact that Vaimakis is neither a participant nor beneficiary of an ERISA plan is not dispositive of the issue. Under the *Pascack Valley test* a health care provider can assert a claim under § 502(a) where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan. *Wayne*

*Surgical Center LLC v. Concentra Preferred Sys., Inc.*, No. 06-928, 2007 WL 2416428 (D.N.J. Aug. 20, 2007) (adopting majority view that as an assignee of medical benefits, a medical provider has standing to sue under § 502(a) and listing jurisdictions); *Tango Transportation v. Healthcare Financial Services*, 322 F.3d 891 (5th Cir. 2003) (same). Therefore, there is little doubt that a health care provider can bring a claim as an assignee of ERISA health care benefits.

In order to assert a claim under § 502(a) and satisfy the first prong of the *Pascack Valley* test, it must be shown that Vaimakis received valid assignments from individuals that receive benefits under an ERISA-governed plan. *Pascack Valley Hospital*, 388 F.3d at 401. As the party asserting federal jurisdiction, the burden of proof rests with United. *Id.*; *Community Medical Center v. Local 464A UFCW Welfare Reimbursement Plan*, 143 Fed.Appx 433, 436 (3d Cir. 2005) ("failure to establish that an appropriate assignment exists is fatal to standing"); *Hobbs v. Blue Cross Blue Shield of Alabamba*, 276 F.3d 1236, 1242 (11th Cir. 2001) ("[w]ithout proof of an assignment, the derivative standing doctrine does not apply"); *Board of Trustees v. Doctors Medical Center of Modesto, Inc. et al.*, No. 07-1740, 2007 WL 2385097, at * 5 (N.D.Cal. Aug. 17, 2007) (same).

In this case there is nothing in the record to suggest that Vaimakis received valid assignments from any individual subject to an ERISA plan. Nowhere in Vaimakis's Complaint does she allege that she has valid assignments of ERISA-governed plans. The only mention of assignment is in United's opposition papers. (Declarations of MaryAnn Britto and Mabel S. Fairley filed in support of United's Opp. Br., Exhibits A and B). In those declarations the individuals only state that Vaimakis represented to them that she had obtained the necessary assignments. (*Id.*). They do not affirm that they received or viewed the assignments. Thus,

there is no evidence before this Court to indicate that Vaimakis has valid assignments. It may be customary in the profession that when a patient seeks medical services from a medical provider that is not an "in-network" provider of the patient's insurance plan, that patient assigns his or her rights under the plan to the medical provider. However, without actual proof of the assignment, the Court cannot find federal jurisdiction.

As this is a court of limited jurisdiction, a party removing an action to federal court has the burden of showing that federal jurisdiction is proper at all times during the litigation. Accordingly, that burden is United's and in that regard, the Court finds that United has failed its burden. *Boyer*, 913 F.2d at 111.

**B.      Availability of an Independent Legal Duty**

Even if United were to produce valid assignments, and thereby satisfy the first *Pascack Valley* prong, the Court is nevertheless unconvinced that no other legal duty supports Vaimakis's claims. *Englewood Hospital and Medical Center v. Aftra Health Fund*, No. 06-637, 2006 WL 3675261, at * 3 (D.N.J. Dec. 12, 2006) (stating that the presence or absence of an assignment is not dispositive). Prong two of the *Pascack Valley* test requires that "no other legal duty supports [the] claim." *Pascack Valley*, 388 F.3d at 400. District Courts interpreting that prong have routinely found that when the medical provider has a contract with the ERISA plan or the insurance company administering the plan that sets forth the method and amount of payment, this agreement provides an independent basis for bringing the claim and fails the second prong of the *Pascack Valley* test. *Englewood Hospital and Medical Center,* 2006 WL 3675261, at * 3; *Newark Beth Israel v. N.N.J. Teamsters Benefit Plan,* Civ. Nos. 03-2922, 05-5309, 05-5737, 05-5742, 2006 U.S. Dist. LEXIS 70997 (D.N.J. Sept. 29, 2006); *Barnert Hospital v. Horizon*

*Healthcare Services, Inc.*, No. 06-3266, 2007 WL 1101443 (D.N.J. April 11, 2007).

Here, United argues that the second prong of the *Pascack Valley* test is satisfied as Vaimakis is not suing pursuant to an independent contract. While that may or not be true, United's argument is belied by the fact that it has filed a motion to dismiss on the basis that the Agreement governs the parties' dispute. In United's motion to dismiss papers (also referenced in Vaimakis's reply papers), United argues that the provider contract did not officially terminate until March of 2007, and therefore any disagreement over the amount of payment or when the contract officially ended is subject to arbitration, as provided in the Agreement. (*See generally* United's Motion to Dismiss, Docket Entry No. 5). While it is subject to dispute when Vaimakis's "in-network" status officially ended, as Vaimakis states in her Complaint that it ended in March 2005 and United argues it ended in March 2007, the resolution of this suit lies first and foremost in the interpretation of the Agreement and not an ERISA plan. Only after the date of termination is decided does the issue of whether or not this Court has jurisdiction come into play.

If it is true that Vaimakis's "in-network" status ended in March 2005, and that she has valid assignments, then Vaimakis's claims would likely be completely preempted under § 502(a) as there would be no other legal duty that would support her claim. On the other hand, if her "in-network" status ended on March 2007, then the disagreement over the amount of payment would be governed by the Agreement and not an ERISA plan and not subject to federal jurisdiction. Regardless of the outcome, the resolution of this case first turns to the Agreement and not an ERISA plan.

There is serious doubts as to whether federal jurisdiction over Vaimakis's claim is proper

at this time as it is not clear whether or not United satisfies the second prong of the *Pascack Valley* test. Therefore, this Court recommends that this action be remanded to state court as the Court is not convinced that this action satisfied either, let alone both, prongs of the *Pascack Valley* test.

### III. CONCLUSION

For the reasons set forth above, the Undersigned recommends that the District Court **GRANT** Plaintiff's motion to remand. Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**