NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEFANIE S. VAIMAKIS, M.D., LLC | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 07-5184 (HAA) |
| v. | **OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| UNITED HEALTHCARE/OXFORD, | |
| Defendant. | |

Edward S. Zizmor, Esq.
60 Court Street
Hackensack, New Jersey 07601
*Attorney for Plaintiff*

Francis X. Manning, Esq.
Marianne Johnston, Esq.
STRADLEY, RONON, STEVENS & YOUNG, LLP
Woodland Falls Corporate Park
200 Lake Drive East, Suite 100
Cherry Hill, New Jersey 08002
*Attorneys for Defendant*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on the motion to remand (Doc. No. 4) filed by

Plaintiff Stefanie S. Vaimakis, M.D., LLC ("Vaimakis"). The Court referred this motion to

Magistrate Judge Esther Salas, who entered a written Report and Recommendation ("R&R") on

August 8, 2008 (Doc. No. 12). Magistrate Judge Salas recommended that Plaintiff's motion be

granted and that this case be remanded to the Superior Court of New Jersey. The docket

indicates that both Plaintiff and Defendant have been served with the R&R, and that no

objections to the R&R have been filed within the 10-day period established by Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.1(c)(2).

A court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). While this Court need not review a Magistrate Judge's report before adopting it when no objections have been filed, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Third Circuit has held that "the better practice is to afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Id.* at 878.

This Court has carefully reviewed Magistrate Judge Salas's R&R. This Court agrees with Magistrate Judge Salas that Defendant United Healthcare/Oxford has not met its burden to establish that this Court has subject matter jurisdiction over this matter pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically, this action does not satisfy either prong of the test for complete preemption under Section 502(a) of ERISA as set forth by the Third Circuit in *Pascack Valley Hospital, Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004). According to *Pascack Valley*, a claim is completely preempted under § 502(a) and thus subject to removal "only if (1) the [plaintiff] could have brought its breach of contract claim under § 502(a), and (2) no other legal duty supports the [plaintiff's] claim." *Id.* at 400. This Court adopts Magistrate Judge Salas's analysis and concurs

with her conclusions that 1) Defendant failed to produce proof that Vaimakis has valid assignments from individuals that receive benefits under an ERISA-governed plan, and 2) an independent legal duty – the parties' Consultant Physician Agreement – likely supports Vaimakis's claim. For these reasons, the *Pascack Valley* test has not been satisfied, and Vaimakis's claim is not completely preempted by ERISA.

It is therefore hereby ORDERED that Magistrate Judge Salas's August 8, 2008 Report and Recommendation (Doc. No. 12) is ADOPTED and Plaintiff's motion to remand (Doc. No. 4) is GRANTED. It is hereby further ORDERED that this case is REMANDED to the Superior Court of New Jersey, Law Division, Bergen County.


Newark, New Jersey
Dated: September 2, 2008

/s/ Harold A. Ackerman
U.S.D.J.